FELIPE HERNÁNDEZ ORTÍZ, *v.* REGISTRAR OF PROPERTY OF BAYAMÓN, Respondent.

No. 1210. Submitted May 23, 1947.—Decided June 11, 1947.

424

*Luis Vizcarrondo* for appellant. The registrar appeared by brief.

Mr. Justice De Jesús delivered the opinion of the Court.

Juan Irizarri Cuadra, owner of property No. 292 which is recorded at folio 83 of volume 7 of Guaynabo, with an area of 7.27 acres (*cuerdas*), mortgaged it to Felipe Hernández Ortíz, appellant herein, to secure the amount of $446.70.[1] After executing this mortgage, Irizarri, by deed of December 25, 1926, segregated from said property 2.77 acres which he sold to Guillermo Solís, married to Leandra Hernández. The new property was recorded under No. 310 at folio 161 of volume 7 of Guaynabo, first entry, on March 21, 1928. When the mortgage credit became enforceable, Felipe Hernández Ortíz, on September, 1928, instituted a foreclosure proceeding in the District Court of San Juan against Juan Irizarri Cuadra, owner of the portion left of property 292 and against Guillermo Solís and Leandra Hernández, as owners of property 310. Pursuant to § 91 of the Code of Civil Procedure, a copy of the complaint was presented in the registry of property on March 25, 1928, and the notice of *lis pendens* was entered as to both properties on June 29, 1928. On July 18, 1928, Guillermo Solís and his wife sold property No. 310 to Agustín Parson Cruz, married to Eusebia Arméstica Burgado.

On July 14, 1928, while the foreclosure proceeding was pending Felipe Hernández Ortíz assigned the mortgage credit to Ramón Luis Soldevilla, which assignment was recorded

---

[1] The record does not reveal the date of the mortgage, but it may be easily concluded that it was prior to December 25, 1926.

in the registry of property. Notwithstanding this assignment, the record of the district court shows that Felipe Hernández Ortíz appeared at the public sale in the foreclosure proceeding and that both properties were adjudicated to him on October 4, 1928, in payment of the mortgage credit.

In a distraint proceeding to collect the taxes, property No. 310 was adjudicated to Abelardo Martínez Morales, according to a certificate of November 24, 1937, recorded on December 24 following at folio 163 of volume 7 of Guaynabo, third entry.

Notwithstanding the award in the foreclosure proceeding to Felipe Hernández Ortíz of property No. 310, there is a marginal note in the third entry stating that on September, 1940,[2] the property was redeemed by Ramón Luis Soldevilla, as mortgage creditor. However, the mortgage which originally encumbered property No. 310 was canceled as to Hernández Ortíz and as to Soldevilla, his assignee, according to the marginal note of March 24, 1939, because the period for the redemption of said property had expired. So that when Ramón Luis Soldevilla redeemed it on September, 1940, his status as a mortgagee had already been canceled in the registry for more than a year.

In view of these entries in the registry, on July 3, 1946 —eighteen years after the foreclosure proceeding had terminated—Felipe Hernández Ortíz procured from the District Court of San Juan an order requiring Agustín Parson and his wife, as purchasers *pendente lite,* to redeem property No. 310 within a final period of ten days, counted from the day following the service of notice of said order, warning them that if they failed to do as ordered within the aforesaid period, the record of ownership in their favor would be canceled in the registry of property. After the term had

---

[2] It should be noted that the certificate of sale in the distraint proceeding was issued on November 24, 1937, for which reason, when the property was redeemed on September, 1940, more than one year had elapsed after the issuance of the certificate of sale.

elapsed without their having redeemed the property, an order was issued to the Registrar of Property of Bayamón on July 30, 1946, to cancel said record. Upon presenting this order to the registrar, he denied the cancellation on seven grounds, which in his brief he reduced to five, asking the court to disregard numbers 1 and 4.

We shall now discuss the first two grounds. The first one is divided into two parts:

(a) That the notice required by § 91 of the Code of Civil Procedure is not the cautionary notice referred to in § 42 of the Mortgage Law [3] and, therefore, that the proceeding established by § 71 of the Mortgage Law [4] should not be applied in connection with said notice of *lis pendens;* and (b) that property No. 310, whose second entry was ordered to be canceled by said order, was segregated from the main property on March 21, 1928, while the notice of *lis pendens* was entered on June 29 of the same year, that is,

---

[3] Section 42 of the Mortgage Law provides:

"The following may request the entry of cautionary notices of their respective rights in the proper public registry:

"1. He who brings an action to recover the ownership of real property or the constitution, declaration, modification or extinction of any legal right.

"2. * * * * * * *

[4] Section 71 insofar as pertinent, provides:

"If the real property or rights against which cautionary notices have been entered in accordance with the provisions of subdivisions 2 and 3 of article 42 should be awarded to a plaintiff under judgment rendered in an action brought by him, or if it should become necessary to advertise them for sale at auction the person who may have acquired such property or rights during the litigation shall be notified of the award or advertisement.

"Such notice shall be served on motion of the plaintiff after the final judgment of award shall have been rendered or before the sale in the compulsory proceedings takes places. . . .

"After service of the notice referred to in the foregoing paragraph, the person notified may release the property in question upon payment of the amount mentioned in the entry, as principal and costs, although it is not to be understood that he is obliged to pay a larger sum for costs than that mentioned in the entry. Should he fail to do so within 10 days, the record of his ownership shall be canceled in the registry, as well as any other records which may have been made after entry of the cautionary notice, to which end the proper order shall be issued to the registrar of property on motion of the person to whom the property was awarded or of the purchaser thereof.

three months after the segregation was made, for which reason, in the registrar's opinion, the entry of said notice cannot affect the parcel segregated.

The second ground for refusal reads as follows:

"Because § 71 of the Mortgage Law refers to conveyances made during the pendency of a suit and assuming that the release sought by Felipe Hernández Ortíz was in connection with the mortgage of $446.70, constituted in his favor by Juan Irizarry Cuadra by the first entry of property No. 292 at folio 83 of volume 7 of Guaynabo, which is the property from which No. 310 was segregated and whose cancellation is sought, it follows that the *foreclosure proceeding* by virtue of which the segregated property No. 310 was adjudicated to Felipe Hernández Ortíz at the tax sale, *was instituted on September, 1928, while the segregation and sale of the parcel whose cancellation is sought, had been recorded since March 21, 1928,* by deed No. 200 executed in Río Piedras on December 25, 1926, before Notary José Ruiz de Val. So that when the foreclosure proceeding was instituted the parcel of land had been segregated and sold to Guillermo Solís about two years before, and it was from the latter that Agustín Parson Cruz subsequently purchased it, for which reason neither Guillermo Solís nor Agustín Parson Cruz were purchasers *pendente lite.*"

In support of the first part of the first ground of his refusal, the registrar begins his argument by establishing a difference between the cautionary notice mentioned in § 42 of the Mortgage Law and the notice of *lis pendens* provided by § 91 of the Code of Civil Procedure. There is no doubt that there are certain differences between them, rather of form than of substance. But we must keep in mind their essential feature in common: that they both give notice of the pendency of a suit to anyone who acquires the title to, or any real right in, the property in litigation, putting him in the position of a purchaser *pendente lite.* If the notice of *lis pendens* under § 91 of the Code of Civil Procedure is to serve any useful purpose, there must exist a proceeding to enforce the right arising therefrom. Such a proceeding does not exist in law. However, in the absence of such proceeding to enforce a right, § 36 of the Code of Civil

Procedure confers on the courts the power to adopt any suitable process conformable to the spirit of the Code. And since the proceeding provided by § 71 of the Mortgage Law, for the purpose of enforcing the notice under § 42 of said Law, is a suitable remedy to enforce the notice of *lis pendens* entered under § 91 of the Code of Civil Procedure and it is conformable to the spirit of said code, the District Court of San Juan did not err in applying it to this case in the proceeding to redeem the property.[5]

The respondent argues that the suitable proceeding is provided by § 129 of the Mortgage Law. But this Section, concomitant to Art. 175 of the Regulations,[6] contemplates the case where the property has passed to the hands of a third person prior to the sale as provided by § 128 of the Mortgage Law. It is true that Parson purchased property No. 310 prior to the sale, but the application of § 129 of the Law, as provided in Art. 175 of the Regulations, only takes place when the third possessor so requires it, establishing the record of his title, and at no time has Parson sought that the proceedings referred to in § 129 [7] be directed against him.

---

[5] In connection with this ground, the respondent discusses *Arroyo* v. *Zavala*, 40 P.R.R. 257, at length in an effort to show that the doctrine of that case is erroneous. Since said case is not fully applicable herein, inasmuch as it did not involve any notice of *lis pendens* we will not discuss it because it would not be necessary for the purpose of this opinion.

[6] Section 129 of the Mortgage Law provides:

"If before the creditor shall enforce his claim against the estate mortgaged, the property should pass into the hands of a third possessor, all proceedings prescribed in the foregoing article shall be directed against him, as the person subrogated to the rights of the debtor."

Article 175 of the Mortgage Law Regulations (last paragraph) reads thus:

"If during the prosecution of the proceedings the estate or any of the estates mortgaged should pass into the hands of a third person, the latter may, upon establishing the record of his title, apply for permission to examine the record in the office of the clerk of the court, and the court shall grant it, without suspending the course of the proceedings, subsequent proceedings being addressed to him as subrogated to the rights and obligations of his predecessor in interest."

[7] Morell, in his work *Legislación Hipotecaria de Ultramar*, in an annotation to the last paragraph of Article 175 of the Regulations, says at p. 189:

"If the possessor does not request it, the proceedings shall not be directed

We differ with the registrar when he says in his brief that the notice of *lis pendens* under § 91 of the Code of Civil Procedure is merely an innovation "meant to provide a means for a summary and speedy notice so that the interested party, if he wishes, may enter a cautionary notice under the formalities provided by law." We do not see where the respondent found such a limitation to § 91, which in its pertinent part provides: ". . . From the time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency (of the action, and only of its pendency) against parties designated by their real names."

The second part of the first ground of the registrar's decision lacks any merit whatsoever. How is it possible for a purchaser, after a notice of *lis pendens* is entered, to escape its legal effects because of the mere fact that when the property was segregated and purchased by his predecessor in interest, the foreclosure proceeding which gave rise to the notice had not yet been instituted? When the parcel of land of 2.27 acres, which became property No. 310, was segregated, the property continued encumbered by the mortgage constituted on the main property. Section 123 of the Mortgage Law. For this reason, when the foreclosure proceeding was instituted, Juan Irizarri was sued as owner of what remained of the main property and Guillermo Solís and his wife as owners of the portion segregated. The proceedings provided by § 128 of the Mortgage Law were directed against them, and the notice of *lis pendens* was entered. It seems clear that when Parson purchased property No. 310 after the foreclosure proceeding was begun against his predecessor in title and after the complaint was entered in the registry, he did so aware of the pending suit. Since he did not seek, pur-

---

against him, and although it may seem unfair, it is not, because whoever purchases the property or properties while the suit is pending should not ignore the encumbrances thereon, or be surprised at the consequences of said proceedings." (Italics ours.)

suant to Art. 175 of the Regulations, that subsequent proceedings be directed against him as the person subrogated to the rights of his predecessor, by analogy, the proceeding provided by § 71 of the Mortgage Law is applicable.

After discussing the first ground of the decision, the second does not call for a lengthy consideration. The registrar seems to forget that the mortgage is indivisible; that when title passes to another person the encumbrance of the mortgage continues on the segregated portion; that when the proceeding was instituted it was directed against Guillermo Solís as defendant and he could not be a purchaser *pendente lite* because he had acquired it prior to the suit; and as Parson purchased property No. 310 after the proceeding was instituted and the notice of *lis pendens* had been entered, the latter was a purchaser *pendente lite,* and it is immaterial that property No. 310 were segregated prior to the institution of the foreclosure proceeding.

 The third ground for refusal is as follows:

"That the notice of *lis pendens* in which appellant based his proceeding to release the property was entered on June 29, 1929,[8] and it expired four years later pursuant to subdivision B. of Act No. 12 of August 29, 1923, as, amended by Act No. 12 of June 25, 1924, and again amended on July 9, 1936, when it became part of § 388 *A.* of the Mortgage Law, for which reason said notice of *lis pendens* had no legal force for the purpose of establishing a proceeding to release fourteen years after it had expired."

Subdivision (*b*)[9] of § 388 *A* of the Mortgage Law authorizes the registrars of property, on application of a party,

---

[8] Pursuant to a certificate issued by the registrar himself on June 26, 1946, and which is attached to the record, the notice of *lis pendens* was entered on June 29, 1928, and not in June, 1929, as it was erroneously stated in the note.

[9] Subdivision (*b*) of § 388 *A:*

"*On application of a party,* authenticated before a notary, the registrars of property shall proceed to cancel in the respective register:

"(*b*) Entries of attachment, prohibitions to alienate, suits, and all other entries made by virtue of judicial orders entered for over four (4) years, unless they are for just cause extended by order of the court where such cases are pending. If, when this Act takes effect, said term shall have wholly expired

verified before a notary, to cancel in the registry any notice which has been entered for over four years unless they are for just cause extended by order of the court where such cases are pending. But it should be noted that it does not provide that the notice expires four years after its entry. It merely authorizes the prejudiced party to request its cancellation when the aforesaid circumstances concur. This is not the case of the cautionary notice entered when record is denied, the effectiveness of which is expressly fixed by law for a period of 120 days, which notice, on expiration of said period, is considered extinguished, even if it has not been cancelled, unless an administrative appeal has been taken therefrom, in which case, the term of 120 does not run until the Supreme Court disposes of the appeal.

Therefore, since the notice of *lis pendens* was not cancelled when the proceeding for release took place, the validity of this proceeding was not affected by the mere fact that eighteen years had elapsed from the entry of said notice.

■ The fourth ground for refusal reads as follows:

"Because the award made in favor of Abelardo Martínez Morales of the parcel of land adjudicated to him in the distraint proceeding for tax sale, according to a certificate of sale of November 24 of the same year, was recorded on December 20, 1937, in the third entry of property No. 310 at folio 163 of volume 7 of Guaynabo, and although at the margin of this third entry there is a note stating that the property was redeemed on September, 1940, by Ramón Luis Soldevilla as mortgage creditor, the redemption having been recorded on October 7 of the same year, this note of redemption has no legal effect inasmuch as, according to another note of previous date, that is, of March 24, 1939, the mortgage which originally encumbered said property No. 310 in favor of Ramón Luis Soldevilla as assignee of the credit of Felipe Hernández Ortíz was cancelled as to said Felipe Hernández Ortíz and as to his assignee, Ramón Luis Soldevilla, on the ground that the period allowed for the re-

---

or only one (1) year or less thereof remains to run, the party interested in the entry shall have one (1) year from the time this Act takes effect to obtain from a competent court an extension of such entry." (Italics ours.)

demption of the property had elapsed. It then follows that the notice of redemption entered a year and a half later could not have the effect of making the redemption valid, since it had been made by an assignee whose credit had been cancelled in the registry; and this being so, the third entry of the award made of property No. 310 in favor of Abelardo Martínez Morales is fully effective, the more so when it does not appear that the latter had been notified of the request of cancellation as provided by § 71 of the Mortgage Law.''

This ground of denial is untenable. It is based on the classification made by the respondent of notices entered in the registry by a predecessor. As to the scope and limitation of the power of classification, Morell says:

''*Scope and limitation in connection with documents presented.— As a general rule it may be stated that the registrar has authority to pass upon every kind of document sought to be recorded, but he may never pass judgment on the legality of those already recorded, and refuse recordation thereof on the ground that in his opinion they are void. Entries made in the registry must be considered valid in themselves and as to the act recorded—whatever vices might be noticed later—until their nullity is decreed by a court. They can not be annulled or questioned by the registrar nor even by his superiors in rank.*'' Morell, *Comentarios a la Legislación Hipotecaria* (1917 ed.), vol., 2 pp. 243–44. (Second italics ours.)

To this same effect see: *Blanco et al.* v. *Registrar of Caguas,* 27 P.R.R. 877; *Gerena* v. *Registrar of Humacao,* 26 P.R.R. 79; *Rodríguez* v. *Registrar of Mayagüez,* 26 P.R.R. 66; and *Estate of Blanco* v. *The Registrar of Property,* 16 P.R.R. 64; and *López* v. *Registrar,* 58 P.R.R. 1.

The respondent invokes the last cited case as if in effect it held that a registrar may pass upon the legality of entries made by a predecessor; but a careful examination of this case shows that it is in harmony with the ruling of the cases cited in this opinion.

■ The fifth and last ground is as follows:

''Because the proceeding of release has been established by virtue of the adjudication made on October 4, 1928, in favor of Felipe Hernández Ortiz in civil case No. 6414, a mortgage foreclosure pro-

ceeding instituted in the District Court of San Juan against Juan Irizarri Cuadra *et al.*, and according to the ruling of the Supreme Court of Puerto Rico of January 28, 1947, in administrative appeal No. 1197 taken by Felipe Hernández Ortíz against the undersigned registrar of property, when the property was adjudicated to the moving party in that case, together with property No. 310, said moving party (who is the same person interested in this cancellation) had already assigned his credit to Ramón Luis Soldevilla, for which reason he had no authority to appear at the public sale and obtain the adjudication of the property by virtue of a credit which did not belong to him.''

This ground was decided by this Court in favor of the registrar in administrative appeal No. 1197, taken by appellant against respondent herein in connection with the same property involved in the present appeal. *Hernández v. Registrar,* 66 P.R.R. 814. We then said:

''The registrar, therefore, did not err in the first ground set forth in his decision, nor did he err in the second and third grounds, inasmuch as if from the third entry of the property made in the registry it appears that appellant, the foreclosing creditor, had assigned to a third person his credits three months prior to the public sale, the assignee was subrogated to all the rights of the assignor pursuant to § 152 of the Mortgage Law, and appellant had no right to foreclose the credit which he had assigned.''

In view of the fifth ground, the decision appealed from is affirmed.[10]

---

[10] We have gone into a discussion of the four preceding grounds lest these same questions be raised in this case after curing the defect of the public sale.